UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10078-GAO

LUZ ARANGO and HEIBER HOYOS,
Plaintiffs,

v.

TD BANK, N.A.,
Defendant.

OPINION AND ORDER
March 30, 2018

O'TOOLE, D.J.

This case arises out of the failure of the defendant, TD Bank, N.A., to approve the residential mortgage loan application of the plaintiffs, Luz Arango and Heiber Hoyos. The plaintiffs, who identify as Hispanic, claim that their mortgage loan application was denied because of their race, ethnicity, and national origin in violation of state law prohibiting discrimination in the making or purchasing of mortgage loans. The defendant has moved for summary judgment, which the plaintiffs oppose.

The purpose of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Rojas-Ithier v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de P.R., 394 F.3d 40, 42 (1st Cir. 2005) (internal quotation marks and citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009) (internal quotation marks omitted) (quotation omitted).

The court considers "the record in the light most favorable to the nonmoving party and gives that party the benefit of all reasonable inferences in its favor." Clifford v. Barnhard, 449 F.3d 276, 280 (1st Cir. 2006).

The plaintiffs' sole claim is a violation of Massachusetts General Laws Chapter 151B. In relevant part, the anti-discrimination law provides:

> It shall be an unlawful practice . . . [f]or any person whose business includes granting mortgage loans or engaging in residential real estate-related transactions to discriminate against any person in the granting of any mortgage loan or in making available such a transaction, or in the terms or conditions of such a loan or transaction, because of race[] . . . [or] national origin.

Mass. Gen. Laws ch. 151B, § 4(3B).

A plaintiff can prove discrimination through either direct or indirect evidence. Direct evidence is evidence that, "if believed, results in an inescapable, or at least highly probable, inference that a forbidden bias was present in the workplace." See Chief Justice for Admin. & Mgmt. of Trial Court v. Mass. Comm'n Against Discrimination, 791 N.E.2d 316, 320 n.11 (Mass. 2003) (citations omitted). Here, in response to the defendant's motion, the plaintiffs have failed to show a trial-worthy issue with respect to any direct evidence of discriminatory animus.

The legal framework for analyzing indirect discriminatory animus under Massachusetts law mirrors the three-stage burden-shifting analysis of McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). Id. at 320; accord Wheelock Coll. v. Mass. Comm'n Against Discrimination, 355 N.E.2d 309, 314 (Mass. 1976). The parties appear to agree that at the first stage the plaintiffs bear the initial burden to establish a prima facie case under the framework by showing that (1) they are members of a protected class, (2) that they applied for and were qualified for a loan, (3) that the loan was rejected despite their qualifications, and (4) the bank continued to approve loans for non-Hispanic applicants with similar qualifications. See Boykin v. Bank of Am. Corp., 162 F. App'x 837, 838–39 (11th Cir. 2005) (citations omitted); Noland v. Commerce Mortg. Corp., 122 F.3d

551, 553 (8th Cir. 1997); Lustgarten v. Bank of Am. Loan Servicing, LP, Civil Action No. 10-10839, 2011 WL 1233232, at *1 (D. Mass. Mar. 31, 2011) (citing Hickson v. Home Fed. of Atl., 805 F. Supp. 1567, 1572 (11th Cir. 1992)). If the plaintiffs establish the inference, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action. If the defendant is able to offer a non-discriminatory reason, the burden then shifts back to the plaintiffs to demonstrate that the defendant's justification is mere pretext to conceal discriminatory animus.

Even assuming that there are triable issues with respect to whether the plaintiffs were members of a protected class, qualified for the loan, and rejected despite their qualifications, the plaintiffs fail to show that other similarly situated non-Hispanic applicants were treated differently or continued to have loans approved by the bank. See Boykin, 162 F. App'x at 840. The record suggests that the plaintiffs' loan application process was marked by misunderstanding and miscommunication. They may feel they were not dealt with in a sufficiently respectful way by bank personnel. What the record lacks is any information about how other loan applicants were treated differently from the plaintiffs, particularly in a way that would support a plausible inference of racial, ethnic, or national origin discrimination.

Consequently, the plaintiffs fail to adduce evidence sufficient to establish an element necessary to their prima facie case, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), and no reasonable trier of fact could assume that the defendant's decision to deny them a loan was motivated by discriminatory animus. Summary judgment in favor of the defendant is warranted.

The defendant's Motion for Summary Judgment (dkt. no. 26) is GRANTED. Judgment shall enter for the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge